ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   4:17CR328 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| WILLIAM HOWELL, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant William Howell's *pro se* motion for compassionate release. Doc. 589. Upon review, the motion is DENIED.

Within the COVID-19 backdrop, the Sixth Circuit has recently explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to

> consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted). However, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111.

Initially, the Court notes that Howell has not satisfied his burden of demonstrating extraordinary and compelling circumstances. He has noted any conditions in the facility in which he is incarcerated that enhance the risk of the spread of COVID. Moreover, the sole factor that he contends enhances his risk is the fact that is 50 years old. Howell's showing is insufficient to demonstrate extraordinary and compelling circumstances exist to warrant his release. The Court, however, will also review the 3553(a) factors as they further support denial of the pending motion.

    I.    § 3553(a) Factors

        a.  Standard

As noted above, this Court may "not modify a term of imprisonment once it has been imposed" unless specifically authorized to do so by section 3582(c). This Court may grant compassionate release if, after considering the factors in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" warrant a reduced sentence and that "such a reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(A)(i). For ease of reference, the § 3553 factors are as follows:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set

forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C.A. § 3553.

The Sixth Circuit has noted that "District judges maintain an obligation to provide reasons" when resolving motions for compassionate release. *Jones*, 980 F.3d at 1112.

> We start by requiring a thorough factual record for our review: district courts must supply specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its compassionate release decision. We look at the whole record in sentence-modification proceedings, including the records from the original sentencing, records on the modification motion, and the final compassionate release decision.

*Id.* (citations, quotations, and alterations omitted).

  b. Analysis

3

Howell's motion does not evaluate the § 3553(a) factors in any capacity. A review of *all* of the factors, however, supports denial of his motion.

Howell was directly involved in a large-scale wire fraud conspiracy. The presentence report summarizes his conduct as follows:

> Between January 2015 and March 2015, the defendant participated as a mid-level "money mule" in a large conspiracy to defraud various businesses and individuals. Under the direction of Z.H., the defendant made false representations to banks in order to open bank accounts in the name of a shell corporation, he provided bank account information to conspirators knowing the information was going to be used for fraudulent criminal activity, and he completed numerous wire transfers and cash withdrawals. Based on the defendant's participation in the instant offense, the defendant is accountable for attempting to conspire to defraud a total of $411,886.20.

Doc. 287 at 7. In addition, during this matter, Howell had pending state charges for trafficking in cocaine and was under a state court sentence for misdemeanor domestic violence. The Court took that under consideration when it sentenced Howell to 72 months incarceration to be run consecutively to his state sentence. The Court maintains its belief that Howell must serve his full sentence to deter him from future misconduct. Accordingly, his motion is not well taken.

Based upon a review of the totality of the factors listed in § 3553(a), the Court hereby DENIES Howell's motion for compassionate release along with both his supplements.

IT IS SO ORDERED.

February 4, 2021 /s/John R. Adams
Date JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE